■ PAUL ATLAS, Appellant, v. BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT No. 4, Respondent.— In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Westchester County, dated January 20, 1960, granting defendant's motion to dismiss his complaint for insufficiency, pursuant to rule 106 of the Rules of Civil Practice. Plaintiff, an employee of Cuccinell Electric Co., Inc., which was employed to do electrical work in a school building under the control of defendant, sustained injuries when the scaffold upon which he was working tipped over. Defendant had furnished the scaffold. The complaint alleged that the scaffold was defectively constructed and that defendant failed to obtain the approval of the Board of Standards and Appeals of the Department of Labor, in violation of section 200, subdivisions 1–3 of section 240 and subdivision 7 of section 241 of the Labor Law. The Special Term granted defendant's motion to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice, on

the ground that it does not state facts sufficient to constitute a cause of action. The basis of the dismissal is that the complaint failed to plead compliance with the statutory provision requiring the presentation or service of a written verified claim within three months after the cause of action accrued (Education Law, § 3813, subd. 1). Order affirmed, without costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.